UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEO DUCHNOWSKI,

                                Plaintiff,

            -against-

COUNTY OF NASSAU, LIEUTENANT JAMES
WATSON, POLICE OFFICER JASON COLLINS,
POLICE OFFICER DAMIENSUAREZ, POLICE
OFFICER RICHARD MAHEPATH, POLICE
OFFICER LARRY BRUE, and POLICE OFFICER
SAMUEL J. AUGELLO,

                                Defendants.
-----------------------------------------------------------------x

**ORDER**
15-cv-4699 (LDH) (GRB)

LaSHANN DeARCY HALL, United States District Judge:

       On March 26, 2018, Defendants filed a motion in limine (ECF Nos. 31, 33) seeking to bifurcate the damages and liability portions of the trial; preclude Plaintiff from introducing his medical records at trial; and preclude Plaintiff from testifying about causation, future damages, and anything requiring specialized knowledge. At an April 19, 2018 status conference, the Court granted Defendants' motion in limine to preclude Plaintiff from testifying about future damages without objection from Plaintiff. The Court reserved ruling on Defendants' motion to bifurcate the damages and liability portions of the trial; preclude Plaintiff from introducing his medical records at trial; and preclude Plaintiff from testifying about causation and anything requiring specialized knowledge. For the reasons stated on the record at the April 19, 2018 status conference and the for the reasons set out in summary below, Defendants' motion is GRANTED, in part, and DENIED, in part.

# DISCUSSION

**I. Defendants' Motion to Preclude Lay Testimony Concerning Plaintiff's Alleged Injuries**

Pursuant to Federal Rule of Evidence 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is…not based on scientific, technical, or other specialized knowledge within the scope of [expert witness testimony]." Fed.R.Evid. 701(c). In other words, layperson testimony is not permitted when the subject-matter "is presumed not to be within [the] common knowledge and experience" of the jury. *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991). Certainly, "the medical effect on the human system of the infliction of injuries is not generally within the sphere of the common knowledge of the layperson." *Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999). Thus, the limitation on layperson testimony is particularly important where the etiology or very existence of a medical injury is at issue. In contrast, "where the causal relationship between the defendant's act and the injury suffered by the plaintiff is within the knowledge, experience and observation of a layperson, expert testimony is not required." *Jimenez v. Supermarket Serv. Corp.*, No. 01-CV-3273, 2002 WL 662135, at *4 (S.D.N.Y. Apr. 22, 2002) (collecting cases).

Here, the alleged injuries at issue are complex. Plaintiff claims that as a result of Defendants' conduct he suffered: complete paralysis in the left leg from the knee down, paralyzed left buttocks, hamstring and foot weakness in his right leg and foot, bilateral drop foot, lumbar radiculopathy, and chronic pain disorder. Defendants dispute both the cause and severity of Plaintiff's injuries. Significantly, Plaintiff has not identified any expert witnesses or witnesses of specialized skill to testify as to any of Plaintiff's alleged injuries.[1] Instead, Plaintiff seeks to

---

[1] In the parties' March 20, 2018 joint-pretrial order (ECF No. 30), Plaintiff identified only himself and defendant police officers as witnesses.

testify on these matters himself. Certainly, some of the injuries and limitations alleged by Plaintiff are of the sort that are within the common knowledge of the jury and are appropriate subject of Plaintiff's testimony. Accordingly, Plaintiff shall be permitted to testify about the following: 10-day confinement at the Intensive Care Unit of North Shore Manhasset Hospital; 3-month confinement to a hospital bed; 6-month confinement to a wheelchair; 45-day use of a catheter; 3-month commode use or lack thereof; general back and lower body pain; general hamstring and foot weakness; general need of ambulatory devices to aide in walking, such as walkers and canes; and inability to run, play sports, jump, balance/stand on one foot, and stand on his tippy toes. Plaintiff is precluded, however, from offering any testimony concerning his alleged: complete paralysis from the knee down in the left leg; paralyzed left buttocks; bilateral drop foot; lumbar radiculopathy; and inability to seek employment that requires walking.

## II. Defendants' Motion to Preclude Plaintiff's Medical Records

Defendants also argue that Plaintiff should be precluded from admitting his medical treatment records. Rule 803(4) permits introduction of a statement, otherwise hearsay, that "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed.R.Evid. 803(4). However, introducing apparent hearsay evidence under the medical records exception requires the party seeking introduction to "lay a foundation"—that is, to demonstrate that the records at issue are what they seem to be and that they satisfy the requirements of the hearsay exception. *See Djangmah v. Falcione*, No. 08-CV-4027, 2013 WL 6388364, at *5 (S.D.N.Y. Dec. 5, 2013) (collecting cases).

Similarly, Rule 803(6) permits introduction of a record of an act, event, condition, opinion, or diagnosis if:

3

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed.R.Evid. 803(6). "Medical records…can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated." *Shea v. Royal Enterprises, Inc.*, No. 09-CV-8709, 2011 WL 2436709, at * 11 (S.D.N.Y. June 16, 2011); see *also United States v. Sackett*, 598 F.2d 739 (2d Cir.1979) (holding that hospital records as admissible if they "were kept in the course of the regularly conducted business activity of the hospital"). As with Rule 803(4), the introducing party must lay a foundation to introduce hearsay evidence under Rule 803(6); unlike Rule 803(4), however, Rule 803(6) explicitly requires that this foundation be laid by a "custodian" or "qualified witness," if testimonial, or by a formal certification by the record's custodian. *See, e.g.*, *Sanders v. Ritz–Carlton Hotel Co., LLC*, No. 05-CV-6385, 2008 WL 4155635, at *2 (S.D.N.Y. Sept. 9, 2008) ("Presuming such foundation is established, the hospital records may be admissible under the business records exception to the hearsay rule.")

Here, none of Plaintiff's proposed witnesses can lay a foundation sufficient to satisfy the requirements of the medical records exception under Rule 803(4) or the business records exception under Rule 803(6). That is, neither Plaintiff nor the police officer defendants can establish that the medical records are what they appear to be or that they conform to the requirements of either Rule 803(4) or 803(6). At the April 19, 2018 status conference, Plaintiff indicated that he would satisfy the foundation requirement through the use of a certification

under Rule 803(D).  However, Plaintiff, to date, failed to comply with the requirements set forth in Rule 902(11), [2] which would permit the use of any such certification.

Even if Plaintiff could satisfy the requirements of Rule 902(11), the Court would not permit the unfettered use of Plaintiff's medical records. As indicated above, many of the alleged injuries at issue here are complex in nature.  For the same reasons that the court will not permit Plaintiff to testify about those injuries, absent a witness with specialized skill and knowledge, the Court will not permit the introduction of the records into evidence. *Monk v. Bradt*, 778 F. Supp. 2d 352, 374 (W.D.N.Y. 2011) (noting that medical records and the terminology therein are difficult for a jury to interpret without expert assistance and that "any probative value the medical records may have had would have been outweighed by the danger that they would have confused or misled the jury, or prolonged the trial to an unreasonable extent without any corresponding advantage").  Should Plaintiff identify certain medical records which relate only to the alleged injures that do not require specialized knowledge or skill to understand, Plaintiff is granted leave to seek their introduction at trial.

---

[2] "The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." Fed.R.Evid. 902(11).

**III. Defendants' Motion to Bifurcate the Trial**

Defendants ask the Court to bifurcate the liability and damages portion of the case. The Court sees no basis to do so. *See In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir. 1975) (stating that the decision to bifurcate a trial into liability and damages phases is "firmly within the discretion of the trial court under Fed.R.Civ.P. 42(b).").

## CONCLUSION

For the reasons stated above, Defendants' motion in limine is GRANTED, in part, and DENIED, in part.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      May 9, 2018